| | |
|---|---|
| 1 | Scott Alan Burroughs (SBN 235718) |
| 2 | scott@donigerlawfirm.com<br>Justin M. Gomes (SBN 301793) |
| 3 | jgomes@donigerlawfirm.com<br>DONIGER / BURROUGHS |
| 4 | 603 Rose Avenue |
| 5 | Venice, California 90291<br>Telephone: (310) 590-1820 |
| 6 | Attorneys for Plaintiff |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FIROOZ ZAHEDI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MIRAMAX, LLC, a Delaware Limited Liability Company; AMAZON.COM, INC., a Delaware Corporation, URBAN OUTFITTERS, INC., a Pennsylvania Corporation; HOT TOPIC, INC., a California Corporation; TORRID LLC, a California Limited Liability Company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>JURY TRIAL DEMANDED |

- 1 -

COMPLAINT

Plaintiff, Firooz Zahedi, by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

Plaintiff Firooz Zahedi is an accomplished and critically acclaimed photographer who has created an impressive catalog of compelling photography spanning several decades, and whose works have been featured in *Vanity Fair*, *Town & Country*, *Time*, *New Yorker*, and numerous other major publications. Mr. Zahedi has had several books published featuring his photographs, and many of his photographs are exhibited in museums around the globe including in the Los Angeles County Museum of Art. One of Mr. Zahedi's most celebrated photographs depicts Uma Thurman in the role of Mia Wallace for the film *Pulp Fiction*. Mr. Zahedi created this photograph, retained ownership of the copyright in the photograph, and only provided Miramax a limited license to use the photograph as part of a promotional poster for the film at the time of its release, but notably did not provide any license for the photograph to be exploited on consumer products. In the years since the film's release, Mr. Zahedi's photograph has become iconic, and Miramax has sold and licensed the sale of untold thousands of consumer products bearing the photograph without any license from Mr. Zahedi in direct violation of his intellectual property rights. Despite notice of the infringement addressed herein, Miramax and its purported licensees have continued their infringements for several months.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976.
2. This Court has jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).
3. Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred here.

## PARTIES

4. Plaintiff is an individual residing in Los Angeles, California.

5. Plaintiff is informed and believes and thereon alleges that Defendant Miramax, LLC ("MIRAMAX") is a Delaware limited liability company with its principal place of business located at 1901 Avenue of the Stars, 20th Floor, Los Angeles, California 90067, and is doing business in this District.

6. Plaintiff is informed and believes and thereon alleges that Defendant Amazon.com, Inc. ("AMAZON") is a Delaware corporation with its principal place of business located at 410 Terry Ave. North, Seattle, Washington 98109, and is doing business in this District.

7. Plaintiff is informed and believes and thereon alleges that Defendant Urban Outfitters, Inc. ("URBAN") is a Pennsylvania corporation with its principal place of business located at 5000 South Broad Street, Philadelphia, Pennsylvania 19112, and is doing business in this District.

8. Plaintiff is informed and believes and thereon alleges that Defendant Hot Topic, Inc. ("HOT TOPIC") is a California corporation with its principal place of business located at 18501 East San Jose Ave., City of Industry, California 91748, and is doing business in this District.

9. Plaintiff is informed and believes and thereon alleges that Defendant Torrid LLC ("TORRID") is a California limited liability company with its principal place of business located at 18501 East San Jose Ave., City of Industry, California 91748, and is doing business in this District.

10. Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. Their true names, whether corporate, individual or otherwise, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious

names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

11. Plaintiff alleges on information and belief that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

12. Plaintiff created and exclusively owns the photography depicted in **Exhibit A** attached hereto. This work will be called the "Subject Photography" herein.

13. Plaintiff has registered the Subject Photography with the Copyright Office.

14. Plaintiff alleges on information and belief that MIRAMAX entered into illegal licenses and/or sublicenses for the Subject Photography with the other Defendants and other entities not identified herein.

15. Defendants, and each of them, licensed, created, distributed, marketed and sold product bearing the Subject Photography, and did so without seeking authorization from Plaintiff. Said goods will be referred to as "Infringing Product" herein.

16. Plaintiff did not consent to this use of the Subject Photography.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

17. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

18. Plaintiff alleges on information and belief that Defendants, and each of them, accessed the Subject Photography through Plaintiff or one or more of the Defendants or online.

19. Plaintiff alleges on information and belief that Defendants, and each of them, accessed the Subject Photography and then exploited it without the authorization of Plaintiff. Defendants, and each of them, exploited the Subject Photography by incorporating same into various consumer goods ("Infringing Product"). Non-inclusive exemplars of the Infringing Product are depicted in **Exhibit B** hereto. These exemplars are not meant to encompass all Infringing Product; the claims made herein are as to any product licensed, distributed and/or sold by Defendants, and/or each of them, that incorporate without permission, in whole or in part, the Subject Photography.

20. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

21. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photography. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Photography in an amount to be established at trial.

22. Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

23. Plaintiff provided notice of the infringement alleged herein to MIRAMAX at least as early as August 2019, but Defendants' infringement has continued to at least April 28, 2020.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

24. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

25. Plaintiff alleges on information and belief that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photography as alleged hereinabove. Specifically, the retailer Defendants transacted with the wholesaler Defendant(s), and the wholesaler Defendant(s) transacted with suppliers, in a concerted effort to create, distribute, and sell the Infringing Product. And, Defendants, and each of them, realized profits through their respective obtainment, sales and distribution of the Infringing Product.

26. Plaintiff alleges on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the Infringing Product, and were able to supervise the manufacture, distribution, marketing, and sale of said product.

27. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered general and special damages in an amount to be established at trial.

28. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the

Subject Photography. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Photography, in an amount to be established at trial.

29. Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

**Against all Defendants, and Each, with Respect to Each Claim for Relief:**

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyrights in the Subject Photography, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photography from any print, web, or other publication owned, operated, or controlled by any Defendant.

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504 and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

1      d. That Plaintiff be awarded his attorneys' fees as available under the
2   Copyright Act U.S.C. § 505;
3      d. That Plaintiff be awarded his costs and fees;
4      e. That Plaintiff be awarded statutory and enhanced damages;
5      f. That Plaintiff be awarded pre-judgment interest as allowed by law; and
6      h. That Plaintiff be awarded further legal and equitable relief as deemed
7   proper.

**Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.**

Respectfully submitted,

Dated: May 19, 2020          By:   */s/ Scott Alan Burroughs*
                                                    Scott Alan Burroughs, Esq.
                                                   Justin M. Gomes
                                                   DONIGER / BURROUGHS
                                                   For the Plaintiff

# EXHIBIT A

Registration No.: VA0002195675

# EXHIBIT B



URBAN SKU No. 45152097 / AMAZON ASIN B015MJQ2BG

MIRAMAX Mia Wallace T-Shirt



HOT TOPIC Item No. 12691025



TORRID Item No. 12586167

MIRAMAX Pulp Fiction Theatrical Poster