John M. Gatti (State Bar No. 138492)
jgatti@manatt.com
Lauren J. Fried (State Bar No. 309005)
lfried@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Tel: (310) 312-4000; Fax: (310) 914-5705

*Attorneys for Defendant and Counterclaimant*
MIRAMAX, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIROOZ ZAHEDI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>MIRAMAX, LLC, a Delaware Limited Liability Company; AMAZON.COM, INC., a Delaware Corporation; URBAN OUTFITTERS, INC., a Pennsylvania Corporation; HOT TOPIC, INC., a California Corporation; TORRID LLC, a California Limited Liability Company; and DOES 1-10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 20-cv-04512-DMG-E<br><br>Hon. Dolly M. Gee<br><br>**DEFENDANT MIRAMAX, LLC's ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT; AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
COSTA MESA

ANSWER TO FAC AND COUNTERCLAIMS

1 | **DEFENDANT MIRAMAX, LLC'S ANSWER TO PLAINTIFF'S FIRST**
2 | **AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT; AND**
3 | **COUNTERCLAIMS**

4   Defendant Miramax, LLC ("Miramax"), for itself and no other defendant, in

5 answer to the allegations in the numbered paragraphs of the First Amended

6 Complaint (the "FAC") of Plaintiff Firooz Zahedi ("Plaintiff"), filed on July 21,

7 2020 (Dkt. 27), responds as follows:

8 | **ANSWER TO "INTRODUCTION"**

9   For the avoidance of doubt, Miramax denies any and all statements in the

10 FAC section headings or otherwise made outside the numbered paragraphs therein

11 and any allegations of infringement.  However, to respond, when possible, with

12 some degree of specificity, Miramax responds as follows to the allegations in the

13 introduction:  (1) Miramax lacks sufficient information to admit or deny the

14 allegations contained therein relating to Plaintiff's alleged achievements, features,

15 or status of his work, (2) Miramax denies Plaintiff's allegation that (a) "Mr. Zahedi

16 created this photograph, retained ownership of the copyright in the Subject

17 Photograph, and only provided Miramax a limited license to use the photograph as

18 part of a promotional poster for the film at the time of its release, but notably did

19 not provide any license for the photograph to be exploited on consumer products",

20 and (b) that Miramax has unlawfully sold or licensed the Subject Photograph, and

21 (3) Miramax denies that it violated Plaintiff's alleged copyright rights.  Miramax

22 denies any remaining allegations in the Introduction.

23 | **JURISDICTION AND VENUE**

24   1.   Miramax admits that the FAC purports to aver claims arising under the

25 Copyright Act of 1976, but denies that any of Plaintiff's claims have merit.

26   2.   Miramax admits the Court has jurisdiction under 28 U.S.C. § 1331 and

27 1338(a) and (b), but denies that any of Plaintiff's claims have merit.

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
COSTA MESA

1      3.    Miramax admits that venue is proper in this judicial district, but denies

2  that any of the Plaintiff's claims have merit.

3  **PARTIES**

4      4.    In response to paragraph 4 of the FAC, Miramax lacks sufficient

5  information to admit or deny the allegations contained therein, and therefore denies

6  such allegations.

7      5.    Defendant admits that Miramax is a Delaware limited liability

8  company with its principal place of business located at 1901 Avenue of the Stars,

9  20th Floor, Los Angeles, California 90067, and is doing business in this district.

10      6.    In response to paragraph 6 of the FAC, Miramax lacks sufficient

11  information to admit or deny the allegations contained therein, and therefore denies

12  such allegations.

13      7.    In response to paragraph 7 of the FAC, Miramax lacks sufficient

14  information to admit or deny the allegations contained therein, and therefore denies

15  such allegations.

16      8.    In response to paragraph 8 of the FAC, Miramax lacks sufficient

17  information to admit or deny the allegations contained therein, and therefore denies

18  such allegations.

19      9.    In response to paragraph 9 of the FAC, Miramax lacks sufficient

20  information to admit or deny the allegations contained therein, and therefore denies

21  such allegations.

22      10.    In response to paragraph 10 of the FAC, Miramax lacks sufficient

23  information to admit or deny the allegations contained therein, and therefore denies

24  such allegations.

25      11.    In response to paragraph 11 of the FAC, Miramax lacks sufficient

26  information to admit or deny the allegations contained therein, and therefore denies

27  such allegations.

28

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Costa Mesa

2

ANSWER TO COMPLAINT AND
COUNTERCLAIMS

1    12.     In response to paragraph 12 of the FAC, Miramax lacks sufficient

2    information to admit or deny the allegations contained therein, and therefore denies

3    such allegations.

4    13.     In response to paragraph 13 of the FAC, Miramax lacks sufficient

5    information to admit or deny the allegations contained therein, and therefore denies

6    such allegations.

7    14.     In response to paragraph 14 of the FAC, Miramax lacks sufficient

8    information to admit or deny the allegations contained therein, and therefore denies

9    such allegations.

10    15.     In response to paragraph 15 of the FAC, Miramax lacks sufficient

11    information to admit or deny the allegations contained therein, and therefore denies

12    such allegations.

13    16.     In response to paragraph 16 of the FAC, Miramax lacks sufficient

14    information to admit or deny the allegations contained therein, and therefore denies

15    such allegations.

16    17.     In response to paragraph 17 of the FAC, Miramax lacks sufficient

17    information to admit or deny the allegations contained therein, and therefore denies

18    such allegations.

19    18.     In response to paragraph 18 of the FAC, Miramax lacks sufficient

20    information to admit or deny the allegations contained therein, and therefore denies

21    such allegations.

22    19.     In response to paragraph 19 of the FAC, Miramax lacks sufficient

23    information to admit or deny the allegations contained therein, and therefore denies

24    such allegations.

25    20.     In response to paragraph 20 of the FAC, Miramax lacks sufficient

26    information to admit or deny the allegations contained therein, and therefore denies

27    such allegations.

28

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Costa Mesa

3

ANSWER TO COMPLAINT AND
COUNTERCLAIMS

21.     In response to paragraph 21 of the FAC, Miramax lacks sufficient information to admit or deny the allegations contained therein, and therefore denies such allegations.

22.     In response to paragraph 22 of the FAC, Miramax lacks sufficient information to admit or deny the allegations contained therein, and therefore denies such allegations.

23.     In response to paragraph 23 of the FAC, Miramax lacks sufficient information to admit or deny the allegations contained therein, and therefore denies such allegations.

24.     In response to paragraph 24 of the FAC, Miramax lacks sufficient information to admit or deny the allegations contained therein, and therefore denies such allegations.

25.     In response to paragraph 25 of the FAC, Miramax lacks sufficient information to admit or deny the allegations contained therein, and therefore denies such allegations.

26.     In response to paragraph 26 of the FAC, Miramax lacks sufficient information to admit or deny the allegations contained therein, and therefore denies such allegations.

27.     In response to paragraph 27 of the FAC, Miramax lacks sufficient information to admit or deny the allegations contained therein, and therefore denies such allegations.

28.     In response to paragraph 28 of the FAC, Miramax lacks sufficient information to admit or deny the allegations contained therein, and therefore denies such allegations.

29.     In response to paragraph 29 of the FAC, Miramax lacks sufficient information to admit or deny the allegations contained therein, and therefore denies such allegations.

1    30.    In response to paragraph 30 of the FAC, Miramax lacks sufficient
2    information to admit or deny the allegations contained therein, and therefore denies
3    such allegations.

4    31.    In response to paragraph 31 of the FAC, Miramax lacks sufficient
5    information to admit or deny the allegations contained therein, and therefore denies
6    such allegations.

7    32.    In response to paragraph 32 of the FAC, Miramax lacks sufficient
8    information to identify other parties who Plaintiff alleges "infringed" or
9    "contributed to the infringement of" his alleged copyright rights and therefore
10   denies such allegations, as well as any allegations of infringement.

11   33.    In response to paragraph 33 of the FAC, Miramax denies Plaintiff's
12   allegation that at all times it was the agent, affiliate, officer, director, manager,
13   principal, alter-ego, and/or employee of the remaining Defendants.  While Miramax
14   lacks sufficient information to define "each and all of the acts or conduct alleged,"
15   Miramax denies that its conduct violated any alleged copyright Plaintiff claims he
16   has.  Further, Miramax denies "full knowledge" of the facts and circumstances of
17   each and every alleged violation.  Miramax specifically denies any violation.

18   34.    In response to paragraph 34 of the FAC, Miramax is informed and
19   believes that Miramax, not Plaintiff, owns the copyright at issue in the FAC, and on
20   that basis denies Plaintiff's allegations.  Moreover, Plaintiff's false and improper
21   attempt at registering his alleged rights does not confer ownership and is invalid.

22   35.    Plaintiff has failed to provide its registration documents as part of the
23   FAC, thus Miramax lacks sufficient knowledge and information to form a belief as
24   to the allegations of paragraph 35 of the FAC, and on that basis denies Plaintiff's
25   allegations.

26   36.    Paragraph 36 of the FAC contains allegations of law, not fact, to which
27   no response is required.  To the extent a response is required, Miramax lacks
28   sufficient knowledge and information to form a belief as to the allegations of

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
COSTA MESA

5                          ANSWER TO COMPLAINT AND
                                COUNTERCLAIMS

paragraph 36 of the FAC, and on that basis denies Plaintiff's allegations.

37.     Answering paragraph 37 for itself, and no other defendant, Miramax, denies the allegations of Paragraph 37.  Miramax admits it never sought authorization regarding the Subject Photograph from Plaintiff but contends that such authorization was unnecessary because Miramax, not Plaintiff, owns the Subject Photograph and all copyrights related thereto.

38.     Miramax is unable to respond to paragraph 38 because the term "this use" is vague, ambiguous, compound, and unintelligible.  Out of an abundance of caution, Miramax responds that it lacks knowledge and information sufficient to form a belief as to the averments of paragraph 38, and on that basis denies said averments.  Miramax also contends that Plaintiff's consent was unnecessary as the Subject Photograph, as well as all copyrights related thereto, was a work for hire and owned by Miramax, not Plaintiff.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

39.     In response to paragraph 39 of the FAC, Miramax realleges its responses of paragraphs 1 through 38 above.

40.     Miramax denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the FAC, and on that basis denies said averments.

41.     Miramax specifically denies it violated any rights that Plaintiff alleges he may have in the Subject Photography, that Plaintiff's consent was withheld, or that Plaintiff's consent was required for Miramax's use of the Subject Photography and contends that any such consent was unnecessary based on Miramax's ownership of the Subject Photograph and all copyrights related thereto.  Moreover, the FAC purports to include in Exhibit B a product allegedly sold by Miramax depicting the Subject Photograph.  (FAC 15:1-14, 16:11-26.)  The artwork depicted on the alleged Miramax products is not the Subject Photograph.  Therefore, on that

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Costa Mesa

6

ANSWER TO COMPLAINT AND
COUNTERCLAIMS

additional basis, Miramax further denies Plaintiff's averments in paragraph 41 of the FAC.  Miramax denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the FAC, as it relates to other defendants, and on that basis denies said averments.

42.     Miramax denies the allegations in paragraph 42 of the FAC.

43.     Miramax denies the allegations in paragraph 43 of the FAC.

44.     Miramax denies the allegations in paragraph 44 of the FAC.

45.     Miramax denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the FAC as it relates to other Defendants.  Miramax admits Plaintiff contacted Miramax regarding the Subject Photograph in or about August 2019, but specifically denies the allegations of infringement in paragraph 45 of the FAC.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

46.     In response to paragraph 46 of the FAC, Miramax realleges its responses of paragraphs 1 through 45 above.

47.     Paragraph 47 contains allegations of law, not fact, to which no response is required.  To the extent the allegations require a response, Miramax denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the FAC as it relates to other defendants.  Miramax specifically denies the allegations in paragraph 47 of the FAC, as it relates to its own conduct, there was no "illegal reproduction" of the Subject Photography.

48.     Paragraph 48 contains allegations of law, not fact, to which no response is required.  To the extent the allegations require a response, Miramax denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the FAC as it relates to other defendants.  Miramax

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
COSTA MESA

7

ANSWER TO COMPLAINT AND
COUNTERCLAIMS

1  specifically denies the allegations in paragraph 48 of the FAC, as it relates to its
2  own conduct.

3      49.    Paragraph 49 contains allegations of law, not fact, to which no
4  response is required.  To the extent the allegations require a response, Miramax
5  denies knowledge or information sufficient to form a belief as to the truth of the
6  allegations in paragraph 49 of the FAC as it relates to other defendants.  Miramax
7  specifically denies the allegations in paragraph 49 of the FAC, as it relates to its
8  own conduct.

9      50.    Paragraph 50 contains allegations of law, not fact, to which no
10  response is required.  To the extent the allegations require a response, Miramax
11  denies knowledge or information sufficient to form a belief as to the truth of the
12  allegations in paragraph 50 of the FAC as it relates to other defendants.  Miramax
13  specifically denies the allegations in paragraph 50 of the FAC, as it relates to its
14  own conduct.

15      51.    Paragraph 51 contains allegations of law, not fact, to which no
16  response is required.  To the extent the allegations require a response, Miramax
17  denies knowledge or information sufficient to form a belief as to the truth of the
18  allegations in paragraph 51 of the FAC as it relates to other defendants.  Miramax
19  specifically denies the allegations in paragraph 51 of the FAC, as it relates to its
20  own conduct.

21  **PRAYER FOR RELIEF**

22  Plaintiff set forth the statement of relief to which no response is required.
23  Defendant Miramax denies that Plaintiff is entitled to any of the requested relief
24  and denies any allegations contained in the Prayer for Relief to which a response is
25  required.

26  **DEMAND FOR JURY TRIAL**

27  Plaintiff's demand that all issues to be determined by a jury trial does not
28  state any allegation, and Miramax is not required to respond.  To the extent that any

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
COSTA MESA

8

ANSWER TO COMPLAINT AND
COUNTERCLAIMS

allegations are included in the demand, Miramax  denies the allegations.

Miramax denies each and every allegation of Plaintiff's FAC not specifically admitted or otherwise responded to above.  Miramax specifically denies that it has infringed or is liable for infringement of any valid and enforceable copyright of Plaintiff.  Miramax further specifically denies that Plaintiff is entitled to any relief whatsoever of any kind as a result of any act of Miramax or any person or entity acting on behalf of Miramax.

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

Miramax asserts the following affirmative and other defenses set forth below, and in making such defenses does not concede that they bear the burden of proof as to any of them.  Discovery has not yet begun in this matter, and therefore Miramax has not yet fully collected and reviewed all of the information and materials that may be relevant to the matters and issues raised herein.  Accordingly, Miramax reserves the right to amend, modify, or expand these defenses and to take further positions as discovery proceeds in this matter.

## FIRST AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiff lacks standing to sue for copyright infringement because he does not have a legal or beneficial interest in the Subject Photograph.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction)

This Court lacks subject matter jurisdiction over Plaintiff's purported copyright infringement claim because Plaintiff does not hold a valid copyright in the Subject Photograph.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The FAC fails to state a claim upon which relief may be granted. Miramax did not utilize the Subject Photograph in the allegedly infringing products as

illustrated in a comparison of Exhibit A, the Subject Photograph, and pages 15 and 16 of Exhibit B, Miramax's alleged use of the Subject Photograph.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Originality)

The FAC, and each purported claim for relief alleged in it, fails because the elements and composition of the Subject Photograph are neither original to Plaintiff nor protectable subject matter.  In fact, the elements of the Subject Photograph are subject to a prior copyright registration by Miramax.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's purported copyright infringement claim, including, without limitation, Plaintiff's ability to establish his ownership rights in the Subject Photograph or any part thereof, is barred in whole or in part by the applicable three (3) year statute of limitations. 17 U.S.C. § 507.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's purported copyright infringement claim is barred by the unclean hands doctrine.

## SEVENTH AFFIRMATIVE DEFENSE

### (Acquiescence, Estoppel, Waiver, or Laches)

Plaintiff has made claims that are barred, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, and/or laches because Plaintiff unreasonably delayed, to Defendant's prejudice, in asserting alleged ownership of the copyright in the Subject Photograph.

## EIGHTH AFFIRMATIVE DEFENSE

### (Limitation of Damages/Failure to Mitigate)

Plaintiff has failed to mitigate his alleged damages.

1  <u>**NINTH AFFIRMATIVE DEFENSE**</u>

2  **(Result of Acts of Plaintiff)**

3      Plaintiff's alleged damages, if any, are the sole and direct result of forces,

4  acts and omissions independent of Defendants.

5  <u>**TENTH AFFIRMATIVE DEFENSE**</u>

6  **(Innocent Intent)**

7      Plaintiff's claims are barred, in whole or in part, because Defendant acted

8  with innocent intent.

9  <u>**ELEVENTH AFFIRMATIVE DEFENSE**</u>

10  **(Lack of Entitlement to Attorneys' Fees)**

11      Plaintiff is not entitled to attorneys' fees under the Copyright Act U.S.C. §

12  505, as he is not the owner of the Subject Photograph.

13  <u>**TWELFTH AFFIRMATIVE DEFENSE**</u>

14  **(Failure to Obtain Third Party Approval)**

15      The Subject Photograph depicts actress Uma Thurman. Ms. Thurman has not

16  authorized or provided permission for Plaintiff to exploit her name, likeness and

17  publicity rights for commercial use in connection with the Subject Photograph.

18  That right was provided to Miramax.

19  <u>**THIRTEENTH AFFIRMATIVE DEFENSE**</u>

20  **(Work for Hire)**

21      The Subject Photograph is a work for hire under 17 U.S.C. § 101, and not

22  owned by Plaintiff.

23  <u>**FOURTEENTH AFFIRMATIVE DEFENSE**</u>

24  **(Plaintiff Lacks a Valid Copyright)**

25      Plaintiff's claims are barred, in whole or in part, because the alleged

26  copyright at issue allegedly held by Plaintiff is not valid and enforceable.

27

28

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Costa Mesa

11

ANSWER TO COMPLAINT AND
COUNTERCLAIMS

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Fair Use)

Plaintiff's claims are barred, in whole or in part, because any use or copying of the alleged copyrighted work constitutes fair use.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff Exceeded His Authority in the Subject Photograph)

Plaintiff was an invitee on private property for a limited purpose, to take photographs that would be owned by Miramax as a work for hire. To the extent Plaintiff now attempts to assert ownership over any photographs taken when he was an invitee for a limited purpose, he has exceeded the authority provided by Miramax.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Implied Licensee)

Miramax had and continues to have an implied license from Plaintiff to use the Subject Photograph.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure of Specificity)

The FAC does not describe the claims or facts with sufficient particularity to permit Miramax to ascertain what other defenses may exist. Miramax may rely on any and all further separate and additional defenses that become available or appear during discovery in this action. Miramax reserves its right to amend this Answer for the purpose of asserting such additional defenses.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Ownership)

Miramax is the owner of the image, film setting, props, costumes, and all items contained in the Subject Photograph and registered a valid copyright for these images prior to Plaintiff's alleged registration of the Subject Photograph.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff's claims are barred, in whole or in part, because the conduct complained of was consented to, acquiesced in, authorized and/or licensed.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Bona Fide Purchaser)

Defendant was a bona fide purchaser or licensee of the property at issue, without notice of Plaintiff's claims.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (*De Minimus* Use)

Plaintiff's claims are barred, in whole or in part, because any alleged use or copying of the alleged copyrighted material is *de minimus*.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Apportionment)

Plaintiff's damages, if any, are barred or mitigated by the doctrine of copyright apportionment.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Reservation of Remaining Defenses)

Miramax reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Copyright Laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## PRAYER FOR RELIEF

**WHEREFORE**, having fully responded to Plaintiff's FAC and asserting its Affirmative Defenses against Plaintiff, Miramax prays for judgment as follows:

a. A judgment dismissing Plaintiff's FAC in its entirety with prejudice;

b. That Plaintiff takes nothing by his FAC;

c.     That Miramax be awarded its cost of suit;

d.     That Miramax be awarded its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

Such other and further relief as this Court may deem just and proper.

## DEFENDANT MIRAMAX, LLC'S COUNTERCLAIMS

As and for its counterclaims against Plaintiff, Miramax respectfully asserts as follows:

## PARTIES

1.     Upon information and belief, and as asserted in the FAC, Firooz Zahedi ("Zahedi") is an individual residing in Los Angeles, California.

2.     Miramax, LLC ("Miramax") is a Delaware limited liability company with its principal place of business located at 1901 Avenue of the Stars, 20th Floor, Los Angeles, California 90067, and is doing business in this District.

## JURISDICTION AND VENUE

3.     This is both a civil action that arises under the Copyright Act, 17 U.S.C. § 101, *et seq,* as well as an action for a declaration of noninfringement and invalidity of the Plaintiff's alleged rights in the Subject Photograph's alleged copyright, arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.,* and the copyright laws of the United States, 17 U.S.C. § 502, *et seq.*

4.     Subject to Miramax's defenses and denials, this Court has subject matter jurisdiction over these counterclaims pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Copyright Act, 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court has personal jurisdiction over Zahedi because he has a continuous, systematic, and substantial presence within this judicial district by residing in this district.  Further, Zahedi has already submitted to this Court's jurisdiction by commencing his lawsuit therein.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), and (d), and because Zahedi filed his FAC in this district.

## **FACTS**

7.      On or about May 21, 1994, the film *Pulp Fiction* (the "Film") premiered at the Cannes Film Festival.

8.      Miramax required certain photographs of the Film's characters for its use.

9.      Miramax follows industry and custom and practice and requires all photographers to sign work for hire agreements.  Miramax owns all right, title, and interest, including, without limitation, the worldwide copyright in, photographs and negatives taken by photographers with respect to its films.

10.      Zahedi was hired in a work for hire capacity by Miramax to take photographs of the Film's characters.

11.      Upon information and belief, Zahedi signed a work for hire agreement for his work with respect to the Film ("Agreement").  Pursuant to  the Agreement, Miramax is deemed to be the author and owns in perpetuity all right, title, and interest, including without limitation, the worldwide copyright in any and all photographs Zahedi took during the photo shoot and any underlying negatives of such photographs, regardless of whether Miramax has made use of them (all of the foregoing, collectively, the "Photographs").

12.      Zahedi was allowed on the private property where the photography shoot took place for the limited purpose of photographing the actors for Miramax's sole use.  The photography shoot was at a private location with restricted access. Individuals were only permitted to attend the photography shoot under certain limited conditions, including releasing ownership of anything done on set. Miramax is informed and believes that this was the first time Zahedi had been engaged for photographing actors in connection with a motion picture.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
COSTA MESA

15

ANSWER TO COMPLAINT AND
COUNTERCLAIMS

13.    Miramax commissioned the Photographs as works-made-for-hire, provided the set for the Photographs, created the theme, and directed the shoot.  The Photograph was taken at the direction of Miramax for Miramax's use.

14.    One of the actors Zahedi shot as part of his Agreement was Uma Thurman in her Film character, Mia Wallace.  In 1995, Ms. Thurman was nominated by the Academy of Motion Pictures Arts and Sciences for Best Supporting Actress for her role in the Film.

15.    A subset of the Photographs consists of a set of photographs of Ms. Thurman (the "Set").

16.    Ms. Thurman gave Miramax specific written authorization to utilize her image for the Film and for any other promotional or commercial uses related to the Film.

17.    On or about October 17, 2003, Miramax received a Certificate of Registration from the U.S. Copyright Office registering Miramax as the copyright owner and confirming that it owned the Set as a work for hire, including a particular photograph used by Miramax.  Attached hereto as **<u>Exhibit A</u>** is a copy of the Certificate of Registration and the copyrighted initial photograph ("Initial Photograph").

18.    Zahedi never objected to Miramax's registration of the Initial Photograph.

19.    Since approximately 1994, the Initial Photograph has been used by Miramax in marketing, promotion, merchandising, and for other purposes.  This includes licensing the Initial Photograph to third parties for merchandise, distribution, and promotional uses.  Miramax and all licensees include a notice of Miramax's copyright registration.

20.    Miramax owns the Initial Photograph, the Set and the Photographs.

21.     Zahedi never received a release from Miramax or from any of the Film's actors (including Uma Thurman) to utilize the Initial Photograph, Set, or the Photographs.

22.     For 25 years, Miramax utilized the Initial Photograph (and all other Photographs) in an undisputed manner.  From 1994 until August 2019, neither Zahedi, nor anyone on his behalf, ever contacted Miramax regarding its use of any of the Photographs.

23.     However, in August 2019, Zahedi contacted Miramax for the first time claiming ownership of the Second Photograph.  Miramax denied such claims.

24.     To bolster his own position after Miramax denied his claim, Zahedi illegally registered one of the Photographs ("Second Photograph").  The Second Photograph is Exhibit A to Zahedi's First Amended Complaint ("FAC"), previously designated as the Subject Photograph in the FAC.

25.     A careful review of the Initial Photograph and the Second Photograph confirm that they are not the same picture.

26.     Notwithstanding Miramax's lack of use of the Second Photograph, Miramax owns all of Zahedi's photographs from the Film, including the Second Photograph.

27.     Zahedi utilized the Second Photograph for his own commercial purposes, including but not limited to inclusion on his website and in a coffee table book published in September 2020, without Miramax's consent or authorization.

28.     On or about May 19, 2020, Zahedi filed an action against Miramax and several other defendants alleging that Miramax and these defendants utilized the Second Photograph.

29.     On or about July 21, 2020, Zahedi filed a First Amended Complaint ("FAC") adding over 20 defendants alleging that Miramax and these defendants utilized the Second Photograph.  In Exhibit B to the FAC, Zahedi included a list of allegedly infringing products sold by defendants.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Costa Mesa

17

ANSWER TO COMPLAINT AND
COUNTERCLAIMS

30.     A review of Exhibit B illustrates that the allegedly infringing products feature the Initial Photograph, owned by Miramax, not the Second Photograph. However, that does not change the fact that Miramax owns the Photographs (including the Second Photograph).

31.     By filing his lawsuit, and notwithstanding Miramax's communications that Miramax owned all of the Photographs, Zahedi's action has resulted in disrupting the relationship between Miramax and the other defendants and stopping commercial exploitation of the Initial Photograph.  Zahedi succeeded as the alleged infringing products were not sold, pending the outcome of this action.

32.     Due to Zahedi's actions, Miramax suffered and continues to suffer economic harm.

## COUNT ONE

### Declaratory Judgment of Ownership of Copyright of the Photographs

33.     Miramax repeats and alleges each and every allegation contained in Paragraphs 1-32 of the Counterclaim as if fully set forth herein.

34.     An actual case or controversy exists between Zahedi and Miramax as to whether the Photographs (including the Second Photograph) are owned by Zahedi.

35.     A judicial declaration is necessary and appropriate so that Miramax may ascertain its rights regarding the Photographs.

36.     Miramax seeks a judicial declaration that it is the owner of the Photographs and has a valid copyright in them, and as a result of that, has the right to use and exploit the Photographs.

## COUNT TWO

### Declaratory Judgment of Invalidity of Copyright of the Second Photograph

37.     Miramax repeats and alleges each and every allegation contained in Paragraphs 1-36 of the Counterclaim as if fully set forth herein.

38.     An actual case or controversy exists between Zahedi and Miramax as to the ownership of the Second Photograph.

39.     An actual case or controversy exists between Zahedi and Miramax as to whether the Second Photograph's alleged copyright filed by Zahedi is invalid.

40.      A judicial declaration is necessary and appropriate so that Miramax may ascertain its rights as to whether the Second Photograph's copyright, falsely registered by Zahedi in November 2019, is invalid.

41.     Miramax seeks a judicial declaration that the Second Photograph's copyright, filed by Zahedi in November 2019, is invalid because it fails to meet the conditions for copyrighting a photograph under 17 U.S.C. §§ 101, 102, 103, and/or 106A because the photograph is not an original work by Plaintiff.

## COUNT THREE

## Declaratory Judgment of Non-Infringement of Copyright of the Second Photograph

42.     Miramax repeats and alleges each and every allegation contained in Paragraphs 1-41 of the Counterclaim as if fully set forth herein.

43.     An actual case or controversy exists between Zahedi and Miramax as to whether the Second Photograph is infringed by Miramax.

44.     A judicial declaration is necessary and appropriate so that Miramax may ascertain its rights regarding the Second Photograph.

45.     Miramax seeks a judicial declaration that it has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the Second Photograph because Miramax, not Plaintiff is the owner of the Second Photograph.

## COUNT FOUR

## Declaratory Judgment of Work For Hire Status of Copyright of the Photographs

46.     Miramax repeats and alleges each and every allegation contained in Paragraphs 1-45 of the Counterclaim as if fully set forth herein.

47.     An actual case or controversy exists between Zahedi and Miramax as to whether the Photographs (including the Second Photograph) are owned by Miramax.

48.     A judicial declaration is necessary and appropriate so that Miramax may ascertain its rights regarding the Photographs.

49.     Miramax seeks a judicial declaration that it has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the Photographs because Miramax, not Zahedi is the owner of the Photographs as a work for hire under 17 U.S.C. § 101.

## COUNT FIVE

## Declaratory Judgment of Work Because the Second Photograph is a Derivative of a Prior Work

50.     Miramax repeats and alleges each and every allegation contained in Paragraphs 1-49 of the Counterclaim as if fully set forth herein.

51.     An actual case or controversy exists between Zahedi and Miramax as to whether the Second Photograph is owned by Miramax.

52.     A judicial declaration is necessary and appropriate so that Miramax may ascertain its rights regarding the Second Photograph.

53.     Miramax seeks a judicial declaration that it has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the Second Photograph because Miramax, not Zahedi is the owner of the Second Photograph as derivative work under 17 U.S.C. § 101.

## COUNT SIX

## In the Alternative, Declaratory Judgment of Joint Ownership of Copyright of the Photographs

54.     Miramax repeats and alleges each and every allegation contained in Paragraphs 1-53 of the Counterclaim as if fully set forth herein.

55.     An actual case or controversy exists between Zahedi and Miramax as to the ownership of the Photographs (including the Second Photograph).

56.     A judicial declaration is necessary and appropriate so that Miramax may ascertain its rights regarding the Photographs.

57.     Miramax seeks a judicial declaration that it has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the Photographs because in the event that the Court concludes Miramax is not the sole owner of the copyright, then Miramax is a co-author of the copyright of the Photographs.

## COUNT SEVEN

### In the Alternative, Declaratory Judgment of Implied License for Unlimited Use of the Photographs

58.     Miramax repeats and alleges each and every allegation contained in Paragraphs 1-57 of the Counterclaim as if fully set forth herein.

59.     An actual case or controversy exists between Zahedi and Miramax as to the use of the Photographs (including the Second Photograph).

60.     A judicial declaration is necessary and appropriate so that Miramax may ascertain its rights regarding the Photographs.

61.     Miramax seeks a judicial declaration that it has not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the Photographs because in the event that the Court concludes Miramax is not the sole owner of the copyright, then Miramax had an unlimited perpetual license to use the Photographs as it saw fit.

## COUNT EIGHT

### Copyright Infringement by Plaintiff For His Unauthorized Use of the Second Photograph

62.     Miramax repeats and alleges each and every allegation contained in Paragraphs 1-61 of the Counterclaim as if fully set forth herein.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
COSTA MESA

21

ANSWER TO COMPLAINT AND
COUNTERCLAIMS

63.    An actual case or controversy exists between Zahedi and Miramax as to the use of the Second Photograph.

64.    Miramax is and at all times has been, the sole owner of, and/or entity authorized to among other things, use, copy, and exploit the Second Photograph in question.

65.    Miramax has never authorized Zahedi to use, copy, or exploit the Second Photograph (or any of the Photographs).

66.    Despite the fact that Zahedi does not have any right to use or authorize others to use, copy, or exploit the Second Photograph, Zahedi has copied and is exploiting the Photograph, and thus has infringed on Miramax's exclusive right to control the copyright in and to the Second Photograph.

67.    Zahedi's infringement of Miramax's rights under the Copyright Act was deliberate and willful.

68.    By reason of Zahedi's infringement, Miramax has sustained substantial injury, loss and damage in an amount to be determined at trial, and, upon information and belief, Zahedi has derived income and profits to which he is not entitled.

69.    Miramax has suffered damages based on Zahedi's unauthorized use of the Second Photograph in excess of $75,000, in an amount that is not now precisely ascertainable, but which Miramax is entitled to recover according to proof at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully responded to Zahedi's FAC and asserted its Counterclaims against Zahedi, Miramax prays for judgment as follows:

a.    A judgment dismissing Zahedi's FAC in its entirety against Miramax with prejudice;

b.    A judgment in favor of Miramax on its Counterclaim;

1         c.     A declaration that Miramax has not infringed, contributed to the

2 infringement of, or induced others to infringe, either directly or indirectly, any valid

3 and enforceable claims of the Second Photograph;

4         d.     A declaration that Zahedi's copyright is invalid;

5         e.     A declaration that Zahedi's claims are barred by the doctrines of

6 laches, equitable estoppel, and/or waiver;

7         f.     A declaration that Zahedi's claims again Miramax are barred by

8 the applicable statute of limitations'

9         g.     A declaration that Miramax is the owner of the Photographs and

10 has all rights to exploit them and further permanently enjoining and requiring

11 Zahedi and his agents, servants and employees, and all other persons in active

12 concert and participation with him or acting on his behalf, and each of them, to take

13 reasonable steps to prevent third parties from using or exploiting the Photographs;

14         h.     Awarding Miramax, at its election, either (i) actual damages and

15 the profits derived by Zahedi as a result of his infringing activities, or (ii) statutory

16 damages in the maximum amount permitted under applicable law;

17         i.     That Miramax be awarded its cost of suit and defense of the

18 FAC;

19         j.     That Miramax be awarded its attorneys' fees and full costs

20 pursuant to the Copyright Act;

21         k.     Statutory and/or actual damages to the extent Zahedi profited

22 from the Second Photograph and Miramax was hurt or harmed by Zahedi's actions;

23 and

24         l.     Such other and further relief as this Court may deem just and

25 proper.

26                   **<u>DEMAND FOR JURY TRIAL</u>**

27      In accordance with Rule 38 of the Federal Rules of Civil Procedure and Civil

28 L.R. 3-6(a), Miramax respectfully demands a jury trial of all issues triable to a jury

1    in this action.

2

3    Dated:    January 28, 2021           Respectfully submitted,

4                                          MANATT, PHELPS & PHILLIPS, LLP

5

6                                          By: */s/ John M. Gatti*

7                                             John M. Gatti
                                              Lauren J. Fried
8                                             Attorneys for Defendant and Counter-
                                              Claimant
9                                             MIRAMAX, LLC

10   326439999.2

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
COSTA MESA

24          ANSWER TO COMPLAINT AND
                        COUNTERCLAIMS